## SUCCESSION OF JOHN McLAUGHLIN.

Where a pass-book has been kept by a party with a merchant, although every entry of items bought has been made by the merchant or his clerk, yet the book is the property of such party, who is presumed to have examined it, and if he has made no objection to its contents, may be compelled to produce the same, and it may be offered in evidence against him.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.
G. *Legardeur* and L. *Castera*, for appellees. T. *Gilmore* and P. E. *Bonford*, for appellants.

MERRICK, C. J. Two appeals have been taken in the present case from the judgment upon the account filed by the executor and opposition thereto. The testamentary executor and the universal legatee appeal from the allowance of $250 to the counsel of *Davis*, (who had been appointed curator of the estate,) and $200 allowed to the attorney for absent heirs.

*Davis* appeals from the refusal of the District Judge to allow him commissions. The inventories of the of the succession amount to the sum of $23,506 80, and $20,823 in assets have been delivered the legatees.

The counsel employed for *Davis*, curator, conducted the mortuary proceedings until the testamentary executor was appointed, and the universal legatee put in possession.

These services were beneficial to the estate, and the District Judge did not err in allowing $250 under the proof in this case.

The appointment of an attorney to represent the absent heirs was a necessary proceeding. The Judge did not err in making the appointment, as is manifest from the silence of the testamentary executor and universal legatee, when it was in their power to have opposed the appointment, or at least to have moved the court to rescind the order.

As the absent heirs do not receive any portion of the estate, and as the legatees obtain what otherwise would be in part coming to the absent heirs, and as the action of the attorney for the absent heirs has thus been useful to the legatees, we think the District Judge did not err in ordering the executor to pay the amount allowed the attorney for absent heirs out of the estate, there being no other fund out of which he could be paid.

The District Court did not err in permitting the "pass-book" kept with *Davis* to be offered in evidence. It was the testator's book, notwithstanding the entries of the items bought at the store of *Davis* by the testator were made by *Davis* or his clerks. The pass-book was examined (we must presume) by *McLaughlin*, and not having been objected to by him, *Davis* had the right to compel the production of the same, and to offer it in evidence when so produced. *Pratt* v. *Mc-Hatton*, 11 An. 264.

*Davis* was appointed curator, gave bond, and obtained his letters of curatorship on the estate. It is true he did not obtain possession of the property because he was prevented by the universal legatee. But having caused the seal to be affixed, and the inventory to be taken, and being recognized by the decree of the court as curator of the succession, his rights to some compensation were fixed by such decree. See succession of *Elizabeth Chaney*, Opinion Book 27, p. 483, not reported.

We think *Davis* should be allowed one-fourth of 2½ per cent. commissions on the inventory which he caused to be taken. But the one-fourth commissions ought to be deducted from those allowed the testamentary executor, and as the amount for both commissions and account do not equal *Davis's* liability to the estate, he must be left to oppose the same in compensation when a demand is made upon him on account of such indebtedness.

It is, therefore, ordered, adjudged and decreed, by the court, that the judgment of the lower court be amended so as to reduce the amount of commissions allowed the testamentary executor *Boyce*, and increase the sum allowed the universal legatee, by the sum of one hundred and thirty-one 77-100 dollars, and that said *Davis's* right to plead the amount of said one-fourth commission, viz: $131 77, and said account for $35 85 and interest, in compensation *pro tanto* of any sum due by him to the succession be recognized and reserved to him, and that the judgment of the lower court so amended be affirmed; the costs of the appeal to be paid by the said succession.